United States District Court
Southern District of Texas
**ENTERED**
August 31, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT A. DAVIDSON, SPN #03000645, § § § Plaintiff, § § v. § § SHERIFF ED GONZALES, et al., § § § Defendants. § | CIVIL ACTION NO. H-23-2361 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Robert A. Davidson (SPN #03000645), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), challenging his continued confinement as a pretrial detainee in the Harris County Jail. Because Davidson is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Davidson alleges that he has been "kidnaped" by Judge Frank Aguilar, who presides over the 228th District Court of Harris County, Texas.[1] Davidson alleges further that Judge Aguilar is holding him "hostage" at the Harris County Jail.[2] Public records from the Harris County District Clerk's Office confirm that Davidson is in pretrial detention because he has been charged with serious felony offenses that are pending against him in the 228th District Court, including online solicitation of a minor and two counts of aggravated sexual assault of a child younger than 14.[3]

Davidson has filed this lawsuit under 42 U.S.C. § 1983 against the following defendants: (1) Harris County Sheriff Ed Gonzales; (2) Judge Aguilar; and (3) the Assistant District Attorney who is assigned to the 228th District Court.[4] Davidson, who is Native American, seeks "release[] unto [his] own people."[5] Davidson also seeks monetary damages in the amount of $250,000.00 from each defendant.[6]

---

[1]Complaint, Docket Entry No. 1, pp. 3, 4. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2]Id. at 4.

[3]See Docket Sheets for Case Nos. 163323401010, 179830301010, 179830401010, Harris County District Clerk's Office, available at: https://www.hcdistrictclerk.com (last visited Aug. 29, 2023).

[4]Complaint, Docket Entry No. 1, p. 3.

[5]Id. at 4.

[6]Id.

## II. Standard of Review

Federal district courts are required by the Prison Litigation Reform Act ("PLRA") to screen prisoner complaints to identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citations and internal quotation marks omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when

necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974. A reviewing court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." Heinze v. Tesco Corp., 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." Id. (internal quotation marks and citations omitted); see also White v. U.S. Corrections, L.L.C., 996 F.3d 302, 307 (5th Cir. 2021) (same). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

### III. Discussion

#### A. Request for Release From Confinement

Davidson asks this court to intervene in ongoing state court proceedings and grant him release from pretrial detention.[7] This

---

[7] Id.

claim is not actionable in a lawsuit under 42 U.S.C. § 1983. A writ of habeas corpus provides the sole remedy for prisoners who challenge the "fact or duration" of their confinement and seek "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973). A federal district court may not otherwise intervene in criminal proceedings that are pending in state court unless exceptional circumstances are present. See Younger v. Harris, 91 S. Ct. 746, 750-51 (1971).

Because Davidson does not allege facts showing that exceptional circumstances warrant intervention, his request for release from confinement will be dismissed for failure to state a claim upon which relief may be granted.[8]

## B. Claims Against Judge Aguilar

Davidson seeks monetary damages from Judge Aguilar for holding him in pretrial detention.[9] Davidson's allegation that he is a hostage who has been kidnapped is delusional and clearly baseless. As such, these claims are subject to dismissal as factually frivolous. See Denton, 112 S. Ct. at 1733 (claims are properly dismissed as factually frivolous if the facts alleged are "clearly baseless," "fanciful," "fantastic," and "delusional") (quoting Neitzke, 109 S. Ct. at 1831-33).

---

[8]The court declines to convert this case to a federal habeas corpus proceeding because there is no record showing that Davidson has exhausted available remedies by pursuing relief in state court. See 28 U.S.C. § 2254(b); Tex. Code Crim. Proc. art 11.08.

[9]Complaint, Docket Entry No. 1, p. 4.

In addition, Davidson cannot recover monetary damages from Judge Aguilar in connection with rulings made in his criminal case because "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). The doctrine of absolute judicial immunity protects judges from suit, not just from liability for damages. See Mireles v. Waco, 112 S. Ct. 286, 288 (1991). Because setting a bond and ordering pretrial detention are judicial functions in a criminal case, Judge Aguilar is entitled to immunity, and the claims against him must be dismissed for this additional reason pursuant to 28 U.S.C. § 1915(e)(2)(B).

**C.    Claims Against the Assistant District Attorney**

Davidson appears to seek monetary damages from an unidentified Assistant District Attorney assigned to the 228th District Court of Harris County for his or her involvement in the criminal prosecution that has resulted in Davidson's pretrial detention.[10] Prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating a prosecution and presenting the state's case. See Imbler v. Pachtman, 96 S. Ct. 984, 995 (1976) (observing that judges and grand jurors acting within the scope of their duties are entitled to immunity and holding that prosecutors are also absolutely immune

---

[10] Id. at 3-4.

from a civil suit for damages for initiating a prosecution and in presenting the state's case); see also Loupe v. O'Bannon, 824 F.3d 534, 538 (5th Cir. 2016) ("A prosecutor enjoys absolute immunity when her actions are 'intimately associated with the judicial phase of the criminal process.'") (quoting Imbler, 96 S. Ct. at 995). Because seeking pretrial detention for a criminal defendant is within the scope of a prosecutor's duties, the claims against the Assistant District Attorney listed in the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

D. **Claims Against Sheriff Gonzales**

Davidson has sued Sheriff Gonzales, who oversees the Harris County Sheriff's Office.[11] Davidson does not allege facts showing that Sheriff Gonzales had any personal involvement in the decision to place him in pretrial detention. Personal involvement is an essential element of a civil rights cause of action under 42 U.S.C. § 1983. See Murphy v. Kellar, 950 F.2d 290, 292 (5th Cir. 1992) (plaintiff bringing a § 1983 action "specify the personal involvement of each defendant"). Therefore, Davidson fails to state a claim against Sheriff Gonzales.

Because Davidson does not allege facts upon which liability can be based against any of the defendants, his Complaint will be dismissed with prejudice as frivolous and for failure to state a claim under 42 U.S.C. § 1983.

---

[11]Id. at 3.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 filed by Robert A. Davidson (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

2. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Memorandum Opinion and Order to the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 31st day of August, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE